FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 4 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

------------------------------------------------------------X

JAMAL EIGNER

AMON, CH.J.

                  Plaintiff

CV 13

C.V. N 8582

-against-

MANN. M.J.

DET. QUINN JAEGER, DET. RICHARD ZACARESE
And CITY OF NEW YORK

                  Defendants

------------------------------------------------------------X

**COMPLAINT**

(Jury Trial Demanded
of all issues)

The Plaintiff JAMAL EIGNER, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. sec. 1983.

2.    Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.    Jurisdiction is based upon and conferred to this Court by 42 U.S.C. 1983 and 28 U.S.C. secs. 1331 and 1343(3) and (4).  Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. 1367 (a) with respect to any and all State law claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4.      That plaintiff JAMAL EIGNER at all times hereinafter mentioned was and still is a citizen of the United States and a resident of the City and State of New York and County of Queens.

5.      That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

6.      That upon information and belief the defendants DET. QUINN JAEGER and DET. RICHARD ZACARESE at all times hereinafter mentioned were police officers employed by the defendant CITY OF NEW YORK and were acting with the scope of said employment as police officers and were further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7.      The defendants DET. QUINN JAEGER and DET. RICHARD ZACARESE are being sued individually and in their official capacity as police officers acting on behalf of the defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

8.      That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

9.      That the plaintiff was examined by defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

10.      More than thirty (30) days have elapsed since service of the notice of claim and 50-H hearing but Defendant CITY OF NEW YORK or the comptroller have neglected and/or refused to adjust or pay said claims.

11.    This action is being commenced within one year and ninety days after the causes of actions set forth herein occurred and within the statutes of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. sec. 1983.

## FACTUAL ALLEGATIONS

12.    That on or about April 13, 2010 the plaintiff was arrested by defendant DET. QUINN JAEGER who falsely accused and charged plaintiff with the crimes of murder, second degree and criminal possession of a weapon in the second degree.

13.    That the plaintiff was held at the 101 precinct where he was subjected to interrogation while in custody.  The plaintiff asserted his innocence, but was nevertheless detained for the aforementioned false charges.

14.    That at the time of plaintiff's arrest the defendants knew or had reason to know that there was insufficient evidence to accuse and charge plaintiff with the crimes of murder and criminal possession of a weapon.

15.    The plaintiff was transported to the Queens Central Booking and was subsequently brought to the Queens County Criminal Court for arraignment.  The plaintiff was caused to be arraigned before a Judge of the Criminal Court of the City of New York on a Criminal Court Complaint accusing and charging the plaintiff with murder and criminal possession of a weapon in violation of the Penal Law of the State of New York.

16.    That as a result of the serious charges alleged in the Criminal complaint, which was sworn to and signed by the defendant DET. QUINN JAEGER, the plaintiff was remanded to the custody of the New York City Department of Corrections without bail.

17.    That the defendant DET. ZACARESE gave false and misleading testimony to a Queens Grand Jury, and as a result of said false and misleading testimony, the plaintiff was indicted by said grand jury for the crimes of murder (second degree), conspiracy (degree), criminal possession of a weapon, (2nd degree) and attempted robbery, (first degree) that upon information

and belief DET. ZACARESE also participated in the decision to bring the false charges against plaintiff.

18.     The plaintiff was prosecuted on the aforesaid indictment charges in the Queens County Supreme Court until January 15, 2013 when the Court dismissed the charges against the plaintiff after completion of the presentation of the People's evidence at a jury trial, on the grounds that the evidence against the plaintiff did not constitute a prima facie case on any of the charges.

19.     The plaintiff was released from custody upon said dismissal after being incarcerated at Rikers Island Correctional facility for almost (3) years upon the aforementioned false charges.

20.     That the charges were wrongfully, maliciously and falsely brought against plaintiff by the defendants despite the absence of sufficient facts supporting such charges, and the absence of probable cause to believe plaintiff had committed any of the charged crimes or any penal law violations.

## FISRT CAUSE OF ACTION

21.     The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

22.     That the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as police officers employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the defendant was in fact guilty of the crimes for which he was charged.

23.     That said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

24.     That by reason of the aforesaid false arrest and imprisonment cause willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived by the defendants, their agents, servants or employees, the plaintiff was wrongfully

deprived of his rights privileges and benefits as provided to him under the constitutions of the United State of America and the State of New York, was subjected to pain, suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities was injured in his reputation in the community was further cause to incur monetary expenses.

**25.**    That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable to plaintiff for compensatory as well as punitive damages.

## SECOND CAUSE OF ACTION

**26.**    The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**27.**    The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United State Constitution, including, without limitations, deprivation of the following constitutional rights:

    **(a)**    Plaintiff was deprived of Forth Amendment constitutional right to be free from unreasonable searches and seizures of his person;

    **(b)**    Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

    **(c)**    Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## THIRD CAUSE OF ACTION

**28.**    The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**29.**    Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1,6,8,9,11 and 12 of the New York State Constitution, including without limitation the following deprivations of his rights, privileges and immunities;

    **(a)** Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

    **(b)** Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

    **(c)** Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution the State of New York.

## FOURTH CAUSE OF ACTION

**30.**    The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**31.**    That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

**32.**    That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

**33.**    That plaintiff was wholly innocent of the aforesaid charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

**34.**    That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

## FIFTH CAUSE OF ACTION

**35.**     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**36.**     That the prosecution on the aforesaid criminal charges and subsequent proceedings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully, maliciously and without any reasonable or probable cause whatsoever therfor.

**37.**     The commencement and/or continuation of the criminal proceedings by the defendants against plaintiff was without probable cause and with actual malice.

**38.**     The aforementioned charges were dismissed and terminated in favor of the plaintiff.

**39.**     Plaintiff was and is wholly innocent of all charges brought against him by the defendants.

## SIXTH CAUSE OF ACTION

**40.**     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**41.**     That the defendant police officers acting individually and in concert with each other, committed assault and battery upon plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury, emotional distress, and damage to the plaintiff and violated his statutory and common law rights as guaranteed to him by the laws and constitution of the State of New York.

**42.**     That this Court has supplemental jurisdiction to hear and adjudicate this claim.

43.     Defendants committed all the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights as a citizen and human and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION

44.     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

45.     Defendants, by their aforementioned acts, did intentionally, willfully, and knowingly cause plaintiff to suffer mental, emotional and physical distress, pain and suffering, damage to name and reputation, monetary and property damages.

46.     The acts and conduct of defendants constitute intentional infliction of emotional distress under the laws of the State of New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

47.     Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION

48.     The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

49.     Defendants, by their aforementioned acts, did negligently cause plaintiff to suffer mental emotional and physical distress, pain and suffering, damage to name and reputation, monetary and property damages.

50. The acts and conduct of defendants constitute negligent infliction of emotional distress under the laws of the state of New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

51. The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

52. Defendants, by their aforementioned acts, subjected plaintiff to a course of conduct which served no legitimate purpose and was meant solely to alarm him.

53. The acts and conduct of defendants constitute harassment under the laws of the State of New York and this Court has supplemental jurisdiction to hear and adjudicate such claims.

54. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## TENTH CAUSE OF ACTION

55. The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

56. By the actions described above, defendants acting individually and in concert with each other, violated plaintiff's right of privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude and private affairs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and constitution of the State of New York.

**57.**    As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

### ELEVENTH CAUSE OF ACTION

**58.**    The plaintiff incorporates by reference each preceding paragraphs of this complaint as though fully set forth at length herein.

**59.**    That at all times material to this complaint, the defendant CITY OF NEW YORK; acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

**60.**    That it is common practice and common knowledge that police officers of the City of New York routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

**61.**    That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens of disorderly conduct, obstructing governmental administration and resisting arrest.

**62.**    Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

> **(a)**    Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including
> (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

**(b)**     Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

**(c)**     Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other Suffolk County police officers;

**(d)**     Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct

**63.**     All these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to him.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:

A.     Compensatory damages
B.     Punitive damages
C.     Costs, interests, and attorney's fees
D.     Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
　　　　June 14, 2013

**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575